**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 19-20465 (JJT) |
| | ) | | |
| Korry Gilbert Golding, | ) | CHAPTER | 7 |
|     Debtor. | ) | | |
| | ) | RE: ECF Nos. | 22, 28, 30, 37, 39 |
| Korry Gilbert Golding, | ) | | |
|     Movant | ) | | |
| V. | ) | | |
| | ) | | |
| Beverly Adamcewicz, | ) | | |
|     Respondent. | ) | | |
| | ) | | |

**MEMORANDUM OF DECISION ON DEBTOR'S**
**MOTION TO AVOID JUDICIAL LIEN OF BEVERLY ADAMCEWICZ**

I.    INTRODUCTION

This matter comes before the Court on Korry Gilbert Golding's (the "Debtor") Motion to Avoid the Judicial Lien of Beverly Adamcewicz ("Adamcewicz"), in which the Debtor seeks, under 11 U.S.C. § 522(f)(1)(A), to avoid a prejudgment attachment lien (the "Lien") against certain real property located at 107–109 Mapleton Street in Hartford, Connecticut (the "Property") that the Debtor claims as his homestead (ECF Nos. 22, 28, 37, the "Motion").[1] The Motion is premised upon the contention that the Lien impairs the homestead exemption to which the Debtor is allegedly entitled to under Conn. Gen. Stat. § 52-352b(t). Adamcewicz, holding a prejudgment attachment lien against the Property in the amount of $450,000, objected to the Motion (ECF Nos. 30, 39, the "Objections"), assailing the integrity of the Debtor's claim and

---

[1] Multiple versions of the Debtor's Motion to Avoid were filed to address various deficiency notices issued by the Court.

arguing that the Property does not qualify as the Debtor's "homestead" for exemption purposes because Connecticut law precludes the Debtor from legally residing in the Property's basement.

On June 1, 2020, the Debtor testified at an evidentiary hearing on the Debtor's Motion and Adamcewicz's Objections thereto (ECF No. 117). At the conclusion of that hearing, the parties were directed to file supplemental briefings, and, thereafter, the Court took the matter under advisement. For the reasons below, the Court finds that Adamcewicz failed to meet her burden of proving that the Debtor's claimed homestead exemption is improper. The Court further finds that the Debtor has failed to present sufficient evidence as to the fair market value of the Property for lien impairment calculations, and thus, has not met his burden under 11 U.S.C. § 522(f). Accordingly, the Debtor's Motion is DENIED and Adamcewicz's Objection is SUSTAINED in part and OVERRULED in part.

II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter on reference from the District Court under 28 U.S.C. §§ 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (K).

III. FACTS

1. On March 1, 2018, a prepetition, prejudgment remedy order entered in favor of Adamcewicz against the Debtor in the amount of $450,000 in the Superior Court action *Beverly Adamcewicz v. Korry Golding,* bearing docket number HHD-CV17-5048121-S (the "Superior Court action"). A certificate of attachment

related thereto was recorded on the Hartford Land Records on March 22, 2018. On March 13, 2019, after a hearing in damages, a judgment entered in the Superior Court action in favor of Adamcewicz and against the Debtor in the amount of $950,000.[2]

2. On March 28, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (ECF No. 1).

3. As of the Petition Date, the Debtor was the fee simple owner of the Property.

4. The Property is a two-family residence, with one unit located on the first floor of the Property and one unit located on the second floor. Each unit has two bedrooms and one bathroom. As of the Petition Date, the Debtor resided in the partially finished basement of the Property, which has one bedroom and one bathroom, and rented out both units on the first and second floors. The Property's attic also has one bedroom and one bathroom.

5. A consensual mortgage lien held by New Century Mortgage Corp. also encumbers the Property in the amount of $169,600.

6. On the Debtor's Schedule A, he listed his ownership interest in the Property, which he values at $200,000. On his Schedule C, the Debtor elected the Connecticut state exemptions and claimed the Property as exempt under Conn. Gen. Stat. § 52-352b(t) in the amount of $75,000.

7. The Debtor's Schedule D listed Adamcewicz's secured claim in the amount of $950,000, stemming from the judgment entered in favor of Adamcewicz in the Superior Court action.

---

[2] To date, only Adamcewicz's Certificate of Attachment related to the prejudgment remedy order has been recorded on the Hartford Land Records.

3

8. Adamcewicz filed a Proof of Claim against the Debtor in the amount of $950,000, the basis of which is listed as "Personal Injury Judgment." *See* Proof of Claim 1.

9. On July 8, 2019, the Debtor filed his first Motion to Avoid Lien (ECF No. 22), seeking to avoid the Lien because it impaired his homestead exemption under Conn. Gen. Stat. § 52-352b(t). To cure various deficiencies with the Motion, the Debtor filed two other Motions to Avoid Lien, the first on July 15, 2019 (ECF No. 28), and the second on July 26, 2019 (ECF No. 37).

10. Although Adamcewicz never objected to the Debtor's claim of the homestead exemption as listed on his Schedules, Adamcewicz did oppose each of the later filed Motions (*see* ECF Nos. 30, 39, the "Objections"), objecting to the Debtor's entitlement to the exemption and arguing that the Property was not the Debtor's homestead for exemption purposes. This argument, however, was predicated on a Marshal's Return of Service of Process at the Property dated *two years before* the Petition Date that stated, "tenants at the property . . . indicated to me that [the Debtor] does not reside there." *See* ECF No. 30. When questioned by the Court as to the propriety—or more appropriately, the lack thereof—of filing an objection based on information gathered two years before the Petition Date, Adamcewicz stated there was still a relevant basis for an objection because the Debtor's occupancy of the Property's basement, when the Hartford Ordinances specifically prohibit such a use, provided an alternative basis for the contention.

11. Because Adamcewicz's Objections raised bona fide concerns as to the legitimacy of the Debtor's exemption, the Court directed the parties to provide supplemental

briefings on any authorities that would support or rebut the assertion that the Property qualified as a "homestead" under Connecticut law. *See* ECF No. 53.

12. During the pendency of the Motion, on July 31, 2019, an Order of Discharge entered in the Debtor's case (ECF No. 41).

13. An initial hearing on the Motion was held on August 15, 2019 (ECF No. 46), but was ultimately continued so as to allow the Debtor to re-serve the Motion on Adamcewicz's counsel and to allow the parties to proceed in a procedurally proper manner. The Court set the continued evidentiary hearing date for November 14, 2019 (ECF No. 54).

14. On November 14, 2019, the Debtor filed a consensual Motion to Continue, stating that "[t]here is an imminent possibility of a resolution in this matter between the parties" (ECF No. 58).

15. The same day, Adamcewicz filed a Withdrawal of her Objection to the Debtor's Motion stating that "[a]fter consultation with Debtor's counsel, the matter has been resolved" (ECF No. 59). This proposed withdrawal contemplated an undisclosed settlement that was not approved by the Court.

16. Despite the aforementioned filings, the Court held the hearing on the Debtor's Motion and the Objections thereto as scheduled on November 14, 2019 (ECF No. 60). With respect to the Court's directive that the parties provide evidence as to the legitimacy of the claimed homestead at the hearing, only Debtor's counsel appeared. Pursuant to statements on the record, the hearing was again continued, and the Court set the final hearing date for December 20, 2019.

17. Following the continuation of the November 14 hearing, the Court entered an Order to Show Cause, directing the Debtor to appear at the December 20th hearing and show cause as to the bona fides of his asserted homestead exemption in the Property (ECF No. 61). The Order also directed Adamcewicz to appear at the December 20th hearing and to confer with the United States Trustee (the "UST") as to the facts supporting its Objection. *Id.* The Court denied Adamcewicz's Motion to Withdrawal its Objection as improper (ECF No. 62).

18. Prior to the final hearing on the Motion, the Court held a status conference, at which time the Court continued the December 20 hearing for another month. In the interim, the Debtor was directed to file at least 3 affidavits describing the location and timing of the Debtor's occupancy of the Property relevant to the claimed homestead exemption.

19. Because of several unforeseen circumstances, including the Covid-19 global pandemic, the hearing on the Debtor's Motion was continued yet again. The parties next appeared before the Court at a status conference held on April 28, 2020 (ECF No. 109).

20. At that status conference, the parties agreed to narrow the issues before the Court, specifically agreeing that there was no material dispute about whether the Debtor occupied the Property as his primary residence as of the Petition Date. The remaining issues to be argued thus pertained to the legality of the Debtor's use of the Property (specifically, his occupancy of the basement) and whether that use had any effect on his claimed homestead exemption. A pretrial order entered, setting the final hearing for June 1, 2020.

21. The evidentiary hearing on the Debtor's Motion ultimately took place on June 1, 2020, whereat both testimonial and documentary evidence was offered on the propriety of the Debtor's use of the basement as the basis for his claimed homestead exemption. Relevant exhibits entered into evidence included: a market appraisal report of the Property with comparable sales of two-family homes, a property assessment card describing the Property as a "two family style building," and a black and white photograph of the Debtor working out in the basement.

22. The testimony elicited from the Debtor established that:
    a. The Debtor purchased the Property in 2004 as a two-family unit and was living in the Property's basement as of the Petition Date;
    b. The basement is partially finished, and is equipped with one bedroom, one bathroom, a kitchenette, lighting, windows, hot water, and heat;
    c. In addition to the basement, there are two other units on the Property, one on the first floor and one on the second floor, both occupied by tenants;
    d. The Debtor modified the Property's attic, adding one bedroom and one bathroom to the space;
    e. The Debtor's three children spend time with the Debtor in the basement and sleep over with the Debtor in the basement at least every other weekend;
    f. The City of Hartford has never issued a zoning or occupation violation related to the Debtor's use of the Property or specifically with respect to the Debtor's use and occupancy of the basement;

      g. The Debtor is taxed on the Property as a two-family unit and the Property is zoned as a two-family unit;

      h. The market value analysis offered by the Debtor, which was based on comparable sales of two-family units, valued the Property at $165,000.

23. After the hearing, the Court directed the parties to file supplemental post-trial briefs and, thereafter, took the matter under advisement.

## IV. DISCUSSION

### 1. Objections to Exemptions and Rule 4003

As a threshold matter, the Court finds that Adamcewicz's failure to file a formal objection to the Debtor's claimed homestead exemption does not bar the challenge to the exemption raised in Adamcewicz's Objections. Under 11 U.S.C. § 522(*l*), "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." Absent any timely objection, an exemption is presumptively valid even though there may be no "colorable statutory basis for claiming it." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44 (1992).

Rule 4003(b) sets forth the time by which a party in interest may object to a debtor's claim of exemption, providing 30 days after the meeting of creditors to raise an objection. Relevant to the Court's analysis here, motions to avoid liens under § 522(f) are governed by Rule 4003(d), which does not set a 30-day timeframe to object and which provides that "a creditor may object to a request under § 522(f) by challenging the validity of the exemption asserted to be impaired by the lien." Fed. R. Bankr. P. 4003(d). "Notwithstanding Rule 4003(b) and *Taylor*, affected secured creditors may contest the *bona fides* of an exemption in defense of a § 522(f) lien avoidance motion." *In re Maylin*, 155 B.R. 605, 613 (Bankr. D. Me. 1993).

These rules and timelines to object have been distinguished even further when applied to lienholders. *See In re Schoonover*, 331 F.3d 575 (7th Cir. 2003). The *Schoonover* Court noted that:

> Although general unsecured creditors must take the initiative by objecting, lienholders may wait for notice under § 522(f). Once they receive notice, lienholders litigate on the schedule appropriate to a proceeding under § 522(f), not the schedule for general creditors. . . . [L]ienholders have more time [to object to claimed exemptions] than general unsecured creditors, a dispensation essential if lienholders are to enjoy any chance to watch the proceedings from afar and enforce their liens later. Just as § 522(*l*) and Rule 4003(b) put the onus of timely objection on general unsecured creditors, so § 522(f) and Rules 4003(d) and 9014 put the onus of contesting a lien on debtors; the clock for lienholders runs from the motion under § 522(f) and not from the meeting of unsecured creditors.

*Id.* at 578. Adamcewicz's Objections to the Debtor's Motion, in which Adamcewicz challenged the Debtor's entitlement to the claimed homestead exemption, satisfy Rule 4003(d), and thus, Adamcewicz may contest the Debtor's claimed exemption in defense of his efforts to avoid her Lien.

2. Burdens of Proof under 11 U.S.C. § 522(f)

Section 522(f)(1) permits a debtor to avoid a judicial lien "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled" under federal or state law. 11 U.S.C. § 522(f)(1)(A). "[A] lien shall be considered to impair an exemption to the extent that the sum of—(i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A).

    a. *Adamcewicz's Burden as Objector*

Generally, a movant "bears the burden of proof by a preponderance of the evidence on every element of § 522(f)." *In re Armenakis*, 406 B.R. 589, 604 (Bankr. S.D.N.Y. 2009) (*citing In re Banner*, 394 B.R. 292, 300 (Bankr. D. Conn. 2008)). But "when the grounds for an objection to lien avoidance rest upon a challenge to the debtor's claimed homestead exemption, Bankruptcy Rule 4003(c) shifts that burden to the [objector]" to prove that the exemption is not properly claimed. *In re Carpenter*, 559 B.R. 551, 555 (Bankr. D. R.I. 2016); Fed. R. Bankr. P. 4003(c).

Adamcewicz, by challenging the Debtor's homestead exemption in her Objections, bears the burden to prove by a preponderance of the evidence that the Debtor's homestead exemption is improper. Should Adamcewicz produce "evidence to rebut the presumption of validity, then the burden of production shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is properly claimed." *In re Stijakovich-Santilli*, 542 B.R. 245, 254–55 (9th Cir. BAP 2015); *see also In re Riemann*, 2009 WL 3254486, *2 (Bankr. D. Conn. 2009). The salient date in determining whether the Debtor had an exemptible interest in the Property is the Petition Date. *See In re Kujan*, 286 B.R. 216, 220 (Bankr. D. Conn. 2002).

i. Connecticut's Homestead Exemption Statute

In Connecticut, any "natural person" may claim an exemption in his homestead up to $75,000, calculated based on the fair market value of the property less the amount of any consensual or statutory lien. Conn. Gen. Stat. § 52-352b(t). *Kujan* set forth three requisites for real property to constitute an individual's statutory homestead under Connecticut law:

> Section 52-352b of the Connecticut General Statutes provides in relevant part as follows: "The following property of any natural person shall be exempt: . . . [t[he homestead of the exemptioner. . . ." Conn. Gen. Stat. § 52-352b(t). "Homestead" is defined in Section 52-352a of the Connecticut General Statutes in relevant part as follows: "'Homestead' means owner-occupied real property . . . used as a primary residence."

> Conn. Gen. Stat. § 52-352a(e). Thus, there are three requisites for real property to constitute an individual's statutory homestead. First, the individual must "own" the subject property within the meaning of Section 52-352a as of the relevant time. Second, the individual must "occupy" the subject property within the meaning of Section 52-352a as of the relevant time. Third, the subject real property must be "used as a primary residence" within the meaning of Section 52-352a as of the relevant time.

*In re Kujan, supra*, 286 B.R. at 220–21. Although it is undisputed that as of the Petition Date the Debtor owned the Property and used the Property as his primary residence, Adamcewicz argues that the Debtor cannot "occupy" the Property (specifically the basement) within the meaning of Section 52-352a "due to the failure to meet the requirements set forth in the City of Hartford Code." ECF No. 120, Post-Hearing Brief of Beverly Adamcewicz. In making this argument, Adamcewicz specifically relies on Hartford Code Sections 18-116 and 18-121. Section 18-116 provides that "[n]o person shall occupy or let to another for occupancy any dwelling or dwelling unit for the purpose of living therein which does not comply with the requirements of this article." As for the use of a basement space for habitation, Section 18-121 provides, in relevant part, that "[n]o basement space shall be used as a habitable room or dwelling unit unless the: . . . [r]oom shall be at least eight (8) feet six (6) inches high in each part from the floor to the ceiling and the ceiling shall be at least four (4) feet six (6) inches above the outside ground level." Taken together, Adamcewicz argues that because "the basement fails to meet the 8 foot height and above ground requirements as evidenced by the photographs" and "[b]ecause the Hartford Code contains an express prohibition against occupancy in Section 18-116, the basement is not owner-occupied as required by the Homestead Exemption." ECF No. 120, p. 2.

While no Connecticut case has defined the term "occupy" as used in Conn. Gen. Stat. § 52-352b, *Black's Law Dictionary* (11th Ed. 2019) defines the term as "to live or stay in (a

11

place)" and the *Merriam-Webster's Collegiate Dictionary* (11th Ed. 2014) defines "occupy" as "to reside in as an owner or tenant." Instructed by these definitions, the Court finds that the Debtor, by living and residing in the basement as of the Petition Date, did in fact "occupy" the Property within the meaning of Connecticut's homestead exemption. The arguments and support put forth by Adamcewicz has failed persuade this Court otherwise.

"In addition, in attempting to construe the Connecticut homestead exemption, we must bear in mind the firmly established canon of interpretation instructing that, in order to effectuate the purpose of exemptions, such laws are to be liberally construed in favor of the debtor. *Caraglior v. World Sav. & Loan (In re Caraglior),* 251 B.R. 778, 782–82 (Bankr. D. Conn. 2000). 'For this reason, no mere technicality should defeat the right of exemption, and whenever the claim to an exemption can be brought within the purpose and intent of the statute by a fair and reasonable interpretation, the exemption should be allowed.' *Id.* at 783." *KLC, Inc. v. Trayner*, 426 F.3d 172, 176 (2d Cir. 2005). Finding that the Debtor has satisfied the three requisites for claiming a homestead exemption, the Court's analysis now turns to whether an alleged zoning violation is more than a "mere technicality" that will defeat the Debtor's claimed homestead exemption.

ii.   Effect of Zoning Violation on Claimed Homestead Exemption

Although homestead rights are to be construed liberally in favor of the debtor, "the right to claim the homestead exemption is not without limits." *Mattern v. Frank J. Mattern Estate ex rel. Erickson*, 864 N.W. 2d 458, 462 (N.D. 2015) (citation omitted). While "the exemption laws are intended to preserve for the unfortunate citizen and his family certain things necessary to entitle him to earn a livelihood . . . [they] should not be construed so as to make them an instrument of fraud, an imposition on creditors, or a means to escape honest debts." *Matter of*

*Felsinger*, 17 B.R. 226, 228 (Bankr. M.D. Fla. 1982); *see also In re Herd*, 176 B.R. 312, 314 (Bankr. D. Conn. 1994).

Various courts have addressed the issue of exemptions conflicting with state or local law. When faced with this problem, given the liberality of construction of exemption statutes in favor of a debtor, most courts have allowed the homestead exemption to stand even when the debtor occupied the property in violation of city, county, or state law or in violation of local zoning laws. For example, this Court, *Krechevsky, J.*, previously rejected the argument that a debtor's violation of state law defeated his homestead exemption. *See In re Herd*, 176 B.R. 312 (Bankr. D. Conn. 1994).

The debtor in *Herd* took up residence on his 33' boat, on which he lived during the months of April through November for three years before filing for bankruptcy protection. *Id.* at 313. Prior to filing, a judgment creditor obtained a court order requiring that the boat be dry-docked. *Id.* Post-petition, the debtor continued to live on the boat while "he possessed no certificate of occupancy from any governmental authority to live on the drydocked boat," ostensibly in violation of state statutes, the public health code, and local zoning regulations. *Id.* Faced with the argument "that the debtor's continued use of the boat while in drydock is in violation of the state-court order and clearly unlawful under state and local laws," the Court held that "[w]hile a bankruptcy court, concededly, does not construe exemption laws so as to encourage unlawful activity, allowing the debtor an exemption based upon his past use of the boat will have no such effect." *Id.* at 314 (citations omitted).

The Court also finds persuasive two similar decisions from Florida bankruptcy courts that faced objections to a homestead exemption based on local zoning or ordinance violations. *See In re Kain*, 2014 WL 10250731 (Bankr. N.D. Fla. Feb. 14, 2014); *see also In re Gamboa*, 578 B.R.

661 (Bankr. S.D. Fla. 2017). In *In re Kain*, a creditor objected to the debtor's claimed homestead, where the debtor lived in a portion of a property that housed the debtor's medical practice and which was zoned for commercial use. Pre-petition, the debtor was denied a zoning variance to reside on the property and was assessed daily fines for the zoning violation. *In re Kain*, *supra*, 2014 WL 10250731, at *2. Despite a finding of a zoning violation by the Town and the daily zoning violation fines accruing, the Court allowed the Debtor's homestead exemption to stand as to a portion of the property that functioned as the debtor's residence. *Id.* at *1.

In *In re Gamboa*, objecting creditors sought to disallow a debtor's homestead exemption, arguing that the debtor's trailer in which he resided was prohibited from being a permanent dwelling under the local ordinances and that the property on which the trailer was located was classified as agricultural for property tax purposes. *In re Gamboa*, *supra*, 578 B.R. at 663. Even though the debtor was living in a trailer on property in violation of a county ordinance and that the property was classified as agricultural and not residential, the court still upheld the debtor's homestead exemption, "because the evidence overwhelmingly established that when [the debtor] filed this case, the Debtor was living on the property and had the intent to permanently reside there."[3] *Id.* at 661.

Similarly, in *In re Pich,* an Idaho bankruptcy court addressed a creditor's objection to the debtor's claimed homestead, where the debtor lived in a building zoned as "light industrial," a classification that prohibited residential use. *In re Pich*, 253 B.R. 562, 565 (Bankr. D. Id. 2000). The creditor argued that this violation precluded the debtor's claim of homestead exemption, yet the court, finding that the debtor's occupation was in fact in violation of local law, nonetheless

---

[3] In Florida, "[t]o be eligible for the homestead exemption, a debtor must have the actual intention to make the property his permanent residence and must actually be living on the property." *In re Gamboa*, *supra*, 578 B.R. at 666 (citations omitted).

14

held that there was "no persuasive reason to interpret such a potential disqualifying factor as having a present disqualifying effect," and that "the violation of zoning ordinances does not vitiate the exemption claimed." *Id.* at 567. In reaching this decision, the court found that such a violation of applicable law was not without consequences, and that the debtor's occupancy exposed the debtor to possible civil or criminal penalties. *Id*. Even so, the court upheld the debtor's homestead exemption because, "as of the date of the filing of the petition for relief, which is the critical date for purposes of evaluating Debtor's entitlement to exemption, no such enforcement action, civil or criminal, had been commenced. [The] Debtor has not been enjoined or prohibited from occupying the Property as a residence." *Id.*

Consistent with the results reached in these cases, this Court too, absent any credible evidence convincing the Court otherwise, finds no persuasive reason for an *alleged* zoning violation to vitiate the Debtor's homestead exemption. There is no evidence that the Property is not zoning compliant, the Debtor's entitlement to reside in the basement of the Property had not been questioned as of the Petition Date (when the exempt status of property is to be determined), and no enforcement action had been commenced. To date, there has been no enforcement by the County or City of any zoning regulations pertaining to the Debtor's use or occupancy of the Property or the Property's basement.

What's more, Adamcewicz's contention that the basement's ceiling height does not meet the zoning requirements, because "[she] can see from the picture that the ceiling is just barely taller than [the Debtor]," is based solely on a black and white photograph proffered by the Debtor. If the ceiling height in the basement does, in fact, violate the Ordinance, Adamcewicz has failed to come forward with sufficient evidence to convince this Court of such a fact. Further, the province of enforcing any such violation lies with the municipality. *See Komondy v. Gioco*,

15

253 F. Supp.3d 430, 454 (D. Conn. 2017) ("Enforcement of zoning regulations . . . requires the appropriate municipal official to exercise his or her judgment as to whether a violation exists and, if so, what enforcement action, if any, to take.") (*citing Lanese v. Baldwin Station, LLC,* WL 1885811, at *2 (Conn. Super. Ct. Apr. 9, 2010)). This Court respectfully declines, in deference to local governmental powers and authority, to step into the shoes of a zoning agency to enforce zoning regulations or to scrutinize an individual's home or their living conditions.[4] Accordingly, the Court finds that the Debtor is entitled to his full homestead exemption under Conn. Gen. Stat. § 52-352b(t).

        b. *The Debtor's Burden as Movant*

Recognizing the Debtor's claim of homestead as exempt, the Court now turns to what portion, if any, of Adamcewicz's Lien the Debtor may avoid. As discussed, the Debtor, as the movant, "bears the burden to prove by a preponderance of the evidence each element necessary for a Section 522(f)(1) lien avoidance." *In re Fox*, 353 B.R. 388, 393 (Bankr. D. Conn. 2006) (collecting cases). A necessary portion of this analysis hinges on the value of the Debtor's Property. "The burden is on the Debtor to prove three crucial facts in order to obtain § 522(f) relief: the value of the Property, the validity of [Adamcewicz's] lien and, if valid, the value of [Adamcewicz's] lien." *In re Hewitt*, 576 B.R. 790, 794 (Bankr. D. Vt. 2017). For lien impairment purposes, "'value' means fair market value as of the date of the filing of the petition." 11 U.S.C. § 522(a)(2).

---

[4] Should the appropriate enforcement agency find the Debtor's use and occupancy of the basement to be in violation of the Hartford Ordinances, the Debtor would still be entitled to receive notice and a reasonable time to correct the alleged violation (provided emergency action is deemed unnecessary) before any citation would be issued or other action taken. *See* Hartford Ordinances, Sec. 18-100. An undue focus on the condition of a property by the Court might well invite and encourage a wide array of claims by objectors that a home is somehow at variance with some housing or building code or other zoning laws. Nothing in Connecticut's homestead exemption statute would suggest the propriety of such inquiries and its imposition as a qualifying element of a liberal exemption.

16

Under Section 522(f)(2)(A), the Debtor may avoid any portion of the Lien to the extent that the sum of the Lien, all other liens and the amount of the Debtor's homestead exemption exceeds the value of the Debtor's interest in the Property. The Property is encumbered by the consensual mortgage lien of $169,600.00 and Adamcewicz's Lien of $450,000.00, resulting in total liens in the amount of $619,600.00. Taken together with the Debtor's $75,000.00 homestead exemption, the total becomes $694,600.00. The value of the Property will determine whether and to what extent the Lien is either avoidable or attaches to the Property.

The problem here is that the broker's price opinion and comparative analysis (Movant's Exhibit 2, the "Appraisal") that the Debtor relies on as to the Property's value is inconsistent with the Debtor's own testimony about the Property. The Appraisal's summary describes the Property as having four bedrooms and two bathrooms. In fact, each of the comparable sales included in the Appraisal has four bedrooms and two bathrooms and is described as a "2 Family" property type. The Debtor, however, testified that the Property has six bedrooms and four bathrooms—with the basement and attic having a bedroom and bathroom of their own. What's more, while the Debtor testified that the appraiser walked through the Property, going into both the attic and the basement, the Appraisal lacks any reference to either space.

The Court declines to accept the Debtor's appraisal, finding the comparable sales of homes with four bedrooms and two bathrooms, not probative as to the value of the Property having six bedrooms and four bathrooms. Because value is a necessary part of the Debtor's proof, the Motion must be denied. *See In re Lovejoy*, 2009 WL 1941863, *3 (Bankr. D. Conn. 2009).

V.    CONCLUSION

What first came before this Court as an ostensibly straightforward Section 522(f) motion, has since evolved into a convoluted contest as to the legality of the Debtor's occupancy of his claimed homestead. The progression of this matter and Adamcewicz's weighty allegations brought to the Court's attention an issue of serious concern with potentially serious implications. That said, Adamcewicz has failed to persuade this Court that the Debtor's claimed homestead exemption is improper. An alleged zoning violation—absent any finding of such a violation, the commencement of an enforcement action, or any credible evidence convincing this Court otherwise—does not preclude the Property from constituting the Debtor's "homestead" within the meaning of Connecticut's homestead exemption statute. The Debtor owned and occupied the Property as his primary residence as of the Petition Date, and as such, met the requirements for a Connecticut homestead exemption.

The Debtor has, however, failed to meet his burden of proving the value of the Property for lien avoidance purposes. The Appraisal was simply not credible, probative or consistent with the uses or configuration of the Property so that it carried any weight as to the Property's value. Accordingly, it is hereby

**ORDERED:** That the Debtor is entitled to his full $75,000 homestead exemption under Conn. Gen. Stat. § 52-352b(t); it is further

**ORDERED:** That the Debtor's Motion to Avoid Lien is DENIED; and it is further

**ORDERED:** That Adamcewicz's Objection is SUSTAINED in part and OVERRULED in part.

**IT IS SO ORDERED** at Hartford, Connecticut this 7th day of August 2020.

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*